IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

U. S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED

FEB 2 6 2010

CHRIS R. JOHNSON, CLERK
BY
DEPUTY CLERK

| | |
|---|---|
| TERI REAGAN, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF ROGER REAGAN, DECEASED AND MAVERICK TRANSPORTATION, LLC.<br><br>Plaintiffs<br>v.<br><br>DUNAWAY TIMBER COMPANY, HENRY CHRIST, AND MORGAN QUISENBERRY, JOHN DOE TRUCKING COMPANY, AND JOHN DOE INCORPORATED<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 10-3016<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

COME NOW Plaintiffs, Teri Reagan, Individually and as Administrator of the estate of Roger Dale Reagan, Deceased, and Maverick Transportation, LLC., by and through their attorneys, Sullivan, Bautista, Morgan, Allen & Chronic, LLC, and Duncan Firm, P.A., and for their Complaint against the Defendants, Dunaway Timber Company, Henry Christ, and Morgan Quisenberry, do hereby allege and state:

### Plaintiff Reagan

1.  Plaintiff, Teri Reagan ("Plaintiff Reagan") is, and at relevant times, was the spouse of Roger Dale Reagan, who died on September 3, 2008, of severe injuries sustained in a semi tractor-trailer crash caused by Defendants on that date in Marion County, Arkansas. Plaintiff is a Missouri citizen, residing at 121 Pine St., Farmington, Missouri 63640.

2. Plaintiff Reagan is also the duly appointed Administrator of the Estate of Roger Reagan, having been so appointed by the Probate Division in the Circuit Court of St. Francois County, Missouri on November 5, 2009 in Case No. 09E8-PR000238. Attached to this Complaint as Exhibit A and incorporated by reference are the Letters of Administration reflecting the appointment.

3. Pursuant to Ark. Code Ann. §16-62-102, Plaintiff Reagan, as Administrator, is the proper party to bring the wrongful death and survival action associated with the death of Roger Reagan.

4. Plaintiff, Maverick Transportation, L.L.C. ("Plaintiff Maverick"), is, and at all relevant times, was an Arkansas corporate citizen with its principal place of business located at 13301 Valentine Rd., North Little Rock, Arkansas 72117.

5. Plaintiff Maverick is, and at all relevant times, was the owner of the semi tractor-trailer operated by decedent Roger Reagan.

### Defendant Dunaway

6. Defendant Dunaway Timber Company ("Dunaway") is, and at relevant times, was a Kentucky corporate citizen with its principal place of business located at 214 Easton Rd., Fordsville, Kentucky 42343, and may be served with process through its registered agent, S.M. Dunaway, 16850 St. Rt 69N Fordsville, KY 42343.

7. Defendant Dunaway is, and at all relevant times, was an over-the-road trucking and shipping company engaged in a business affecting interstate commerce, owns or leases commercial motor vehicles in connection with that business, and operates as a carrier under U.S. Department of Transportation # 0105137.

8. Defendant Dunaway is, and at all relevant times, was "a motor carrier" and an "employer" of drivers of "commercial motor vehicles" as those terms are used and defined in the United States Department of Transportation Federal Motor Carrier Safety Regulations and is therefore subject to such rules and regulations as promulgated and codified within 49 C.F.R. Parts 382, *et seq.*

9. Defendant Dunaway is, and at all relevant times, was the employer of Defendant, Morgan Quisenberry ("Defendant Quisenberry") and the owner of the semi tractor-trailer operated by Defendant Quisenberry.

### Defendant Quisenberry

10. Defendant Quisenberry is, and at all relevant times, was a Kentucky citizen, who resides and may be served at 445 Clifty Nuff Rd., Olaton, Kentucky 42361.

11. Defendant Quisenberry is, and at all relevant times, was a "driver" of "commercial motor vehicles" as those terms are used and defined in the United States Department of Transportation Federal Motor Carrier Safety Regulations and is therefore subject to such rules and regulations as promulgated and codified within 49 C.F.R. Parts 382, *et seq.*

12. Defendant Quisenberry is, and at all relevant times, was an employee and agent of Defendant Dunaway, was operating a commercial motor vehicle in the scope and course of his employment with Defendant Dunaway, and was acting in furtherance of the interests and business of Defendant Dunaway.

### Defendant Christ

13. Defendant, Henry Christ ("Defendant Christ"), is, and at all relevant times, was a Kentucky citizen, who resides and may be served at 7935 State Route 1389, Maceo, KY 42355

14. Defendant Christ is, and at all relevant times, was the owner of the semi tractor-trailer operated by Defendant Quisenberry.

### John Doe Defendants

15. Defendants, John Doe Trucking Company and John Doe Incorporated ("John Doe Defendants"), upon information and belief, may have been involved in the ownership and/or control of the vehicle operating under Defendant Dunaway's authority.

16. Pursuant to Ark. Code Ann. § 16-56-125 and subject to the Act 649 of 2003, the Civil Justice Reform Act of 2003," Plaintiffs have attached as Exhibit B and incorporated by reference a John Doe Tortfeasor Affidavit to toll the statute of limitations for the wrongful actions and/or omissions alleged herein against the John Doe Defendants.

### Jurisdiction

17. This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1332 as there is diversity of citizenship between the parties and the amount in controversy exceeds the sum of $75,000.00.

### Venue

18. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(a), as the collision and a substantial part of the events giving rise to the claim occurred in Marion County, Arkansas.

### Collision Facts

19. On or about September 3, 2008, at approximately 6:50 p.m., Roger Reagan was lawfully operating a semi tractor-trailer owned by Plaintiff Maverick ("Maverick's Truck")

eastbound in the eastbound lane of U.S. Highway 62 outside of Yellville in Marion County, Arkansas.

20. At or about the same time and place, Defendant Quisenberry was operating a semi tractor-trailer westbound in the westbound lane of U.S. Highway 62 when Defendant Quisenberry negligently and carelessly failed to maintain the use, control and operation of his semi tractor-trailer within the traveled portion of the westbound lane.

21. Defendant Quisenberry, unexpectedly and without warning, swerved his semi tractor-trailer across the centerline into the eastbound lane of U.S. Highway 62, drove on the wrong side of the road, and violently struck the truck Roger Reagan was lawfully operating. As a direct and proximate result of this negligence and carelessness committed by Defendant Quisenberry, decedent Roger Reagan was caused to sustain an untimely and wrongful death and Maverick Truck's was destroyed.

### Negligence and Recklessness of Defendant Quisenberry

22. Defendant Quisenberry owed a duty to decedent Roger Reagan and Plaintiff Maverick to use and exercise the highest degree of care in operating and driving the semi tractor-trailer at issue.

23. Upon information and belief, Defendant Quisenberry breached his aforesaid duty and was thereby negligent in particulars that include, but are not limited to, the following:

    a. Defendant Quisenberry failed to inspect and ensure that the equipment he was operating was properly maintained, repaired and serviced and capable of being operated in a safe and prudent manner;

    b. Defendant Quisenberry operated his vehicle in a fatigued state;

c.      Defendant Quisenberry operated his vehicle while his alertness was impaired;

d.      Defendant Quisenberry lost focus on the task of driving safely;

e.      Defendant Quisenberry failed to keep a lookout for other vehicles;

f.      Defendant Quisenberry failed to keep his vehicle under control;

g.      Defendant Quisenberry failed to use extreme caution in hazardous conditions;

h.      Defendant Quisenberry failed to drive at a safe speed for the conditions;

i.      Defendant Quisenberry failed to reduce his speed;

j.      Defendant Quisenberry drove at a reckless and careless speed;

k.      Defendant Quisenberry failed to yield the right of way;

l.      Defendant Quisenberry failed to take evasive action;

m.      Defendant Quisenberry failed to sound a warning;

n.      Defendant Quisenberry improperly changed lanes;

o.      Defendant Quisenberry drove into opposing traffic;

p.      Defendant Quisenberry drove on the wrong side of the road;

q.      Defendant Quisenberry wrongfully hit Maverick's Truck with his truck.

### Negligence and Recklessness of Defendant Dunaway

24.     Defendant Dunaway owed various duties to decedent Roger Reagan and Plaintiff Maverick including but not limited to a duty to properly hire and retain drivers for commercial motor vehicles like the one at issue in the case at bar; a duty to entrust its commercial motor vehicles to competent drivers; a duty to properly supervise, train and dispatch its drivers.

25. Defendant Dunaway also owed a duty to decedent Roger Reagan and Plaintiff Maverick to use and exercise the highest degree of care in operating the commercial motor vehicle at issue.

26. Upon information and belief, Defendant Dunaway breached its aforesaid duties and was thereby negligent in particulars that include, but are not limited to, the following:

    a. Defendant Dunaway is vicariously liable for any and all of the negligent and/or tortious acts and/or omissions committed by Defendant Quisenberry under the doctrine of respondent superior.

    b. Defendant Dunaway hired and retained Defendant Quisenberry when it knew or should have known at the time of his hiring or anytime subsequent thereto, but before the subject crash, of Defendant Quisenberry's dangerous proclivities;

    c. Defendant Dunaway entrusted the semi tractor-trailer at issue to Defendant Quisenberry when Defendant Dunaway knew or should have known that Defendant Quisenberry was an incompetent driver;

    d. Defendant Dunaway failed to train, supervise, monitor and control Defendant Quisenberry;

    e. Defendant Dunaway failed to have policies and/or procedures in place to prevent its drivers, including Defendant Quisenberry, from operating its equipment in a negligent and/or reckless manner;

    f. Defendant Dunaway permitted, allowed and/or caused Defendant Quisenberry to operate and drive his commercial motor vehicle when his

ability or alertness was impaired so as to make it unsafe for him to operate the commercial motor vehicle;

g. Defendant Dunaway through its practice of requiring its employees to move their freight to its destination under unreasonably strict time schedules, allowed and encouraged, rather than discouraged, Defendant Quisenberry to drive in the negligent and reckless manner;

h. Defendant Dunaway knowingly placed a tractor-trailer unit into service that it knew was not in proper operating condition and had not been properly maintained, repaired and serviced;

i. Defendant Dunaway failed to inspect and ensure that the equipment Defendant Quisenberry was operating was properly maintained, repaired, and serviced and was therefore capable of being operated in a safe and prudent manner.

### Negligence and Recklessness of Defendant Christ

27. Defendant Christ and John Doe Defendants owed a duty to decedent Roger Reagan and Plaintiff Maverick to entrust his commercial motor vehicle to competent drivers and to ensure that the vehicle is inspected and maintained so as to ensure their proper operating condition.

28. Upon information and belief, Defendant Christ and John Doe Defendants breached their aforesaid duties and were thereby negligent in particulars that include, but are not limited to, the following:

a. Defendant Christ and John Doe Defendants entrusted the semi tractor-trailer at issue to Defendant Quisenberry when Defendant Christ and John Doe

8

        Defendants knew or should have known that Defendant Quisenberry was an incompetent driver;

b.   Defendant Christ and John Doe Defendants failed to train, supervise, monitor and control Defendant Quisenberry;

c.   Defendant Christ and John Doe Defendants knowingly placed a tractor-trailer unit into service that they knew was not in proper operating condition and had not been properly maintained, repaired and serviced;

d.   Defendant Christ and John Doe Defendants failed to inspect and ensure that the equipment Defendant Quisenberry was operating was properly maintained, repaired, and serviced was therefore capable of being operated in a safe and prudent manner.

**Causation and Damages**

29. One or more of Defendants' acts and omissions were violations of federal and/or state laws and/or regulations, Decedent Roger Reagan and Plaintiff Maverick were members of the class of persons intended to be protected by the aforesaid federal and/or state laws and/or regulations regarding traffic and safety discussed herein, and the injuries and wrongful death of decedent Roger Reagan and the destruction of the Maverick's Truck are of the type of harm these aforesaid laws and regulations were designed to prevent, making said violations negligence as a matter of law.

30. As a direct and proximate result of the aforesaid negligent and reckless acts and/or omissions and violations of laws and/or regulations committed by Defendants, Roger Reagan died; his beneficiaries suffered, continue to suffer and will in the indefinite future suffer from his wrongful

death; and Maverick's Truck was destroyed; all for which Plaintiffs are entitled to recover compensatory damages.

31. Further, as the direct and proximate result of Defendants' conduct, Roger Reagan suffered extreme emotional distress, mental and physical trauma, and physical and mental pain and suffering and anguish prior to his death including, without limitation, immediate fear and apprehension of death, serious injury, and being burned alive as his truck caught fire and he was trapped, all for which Plaintiff Reagan is entitled to recover damages in the same manner as decedent Roger Reagan would have been entitled had his wrongful death not ensued.

32. Therefore, Plaintiff Reagan, as the Administrator of the Estate of Roger Reagan, deceased, on behalf of herself and Roger Reagan's beneficiaries, namely Brandy Reagan, his daughter, Curtis Reagan, his father, Denver Reagan, his brother, Sue Knief, his sister, and Brenda Hacker, his sister, seeks compensation for all elements of damage to which they are entitled under Arkansas wrongful death law, including but not limited to, the following:

    a. pecuniary loss, including loss of the money, goods, and services Roger Reagan would have contributed to them;

    b. mental anguish, suffering, grief and despair suffered and reasonably probable to be suffered in the future by them;

    c. loss of parental love, care supervision, and training suffered by his daughter;

    d. and loss of society, services, companionship, and marriage relationship suffered by his wife.

33. Plaintiff Reagan also seeks the compensation for all elements of damage to which the Estate of Roger Reagan is entitled under Arkansas wrongful death law, including but not limited to,

the following:

    a.    Roger Reagan's loss of life;

    b.    reasonable value of funeral expenses;

    c.    loss of any personal property and effects;

    d.    conscious pain and suffering of Roger Reagan prior to his death;

    e.    scars, disfigurement and visible results of injury sustained by Roger Reagan prior to his death; and

    f.    any medical expenses attributable to the fatal injury.

34. Plaintiff Maverick seeks compensation for the value of Maverick's Truck, including the tractor, the trailer and all other equipment damaged or destroyed in this collision, for the loss of its use of the vehicle, and for lost profits.

35. Further, Plaintiffs seek punitive damages. Defendants acted in a grossly reckless and malicious manner and knew or should have known that this conduct would naturally and probably lead to death or serious injury to motorists such as Roger Reagan operating vehicles on the same highway. Defendants continued such conduct under circumstances where they knew that death or serious injury was likely to occur in disregard of the health and safety of those motorists, from which malice may be inferred. Punitive damages are needed to punish Defendant Quisenberry and deter him and others from similar conduct.

### The Civil Justice Reform Act of 2003 is Unconstitutional

36. Pursuant to the United States Constitution and the Arkansas State Constitution, Plaintiffs specifically object and reserve the right to contest the constitutionality and applicability of Act 649 of 2003. In the 2003 Session of the Arkansas General Assembly, the legislature passed an

Act entitled The Civil Justice Reform Act of 2003 ("the Act"), which was signed by the Governor and became effective on or about March 27, 2003, and is codified presently at Ark. Code Ann. § 16-55-201, et seq. This is an action in tort accruing after the effective date of the Act.

37. The Act violates Article 5, § 32 of the Arkansas State Constitution, which plainly prohibits legislative limitations on recoveries and Article 4, §§ 1-2 of the Constitution, which prohibit legislative incursions on judicial power. Additionally, the Act violates the constitutional scheme that formally worked to limit governmental incursion on common law rights and limited legislative power to assist special interests. This scheme is embodied in the provisions in Article 2, §§ 4, 13, and 21, recognizing the right to petition the government for redress; Article 2, § 13, guaranteeing the right of every injured person to a remedy; Article 2, § 7 prescribing a right to a jury trial which "shall remain inviolate;" Article 2, §§ 13 and 21, mandating due process and application of the law of the land; Article 2, §§ 3, 18, and 21, recognizing that all citizens shall receive equal treatment and the related Article 5, § 25, limiting unequal treatment to times when it is justified; requiring "that where a general law can be made applicable, no special law shall be enacted."

38. The Act provides various onerous, burdensome, and unconstitutional provisions, which include, but are not limited to, the requirement of specialty affidavits prior to instituting suit, limitations on the amount of punitive damages, provisions creating "phantom defendants," the abrogation of traditional rights to plea joint and several liability, to name a few. It is the position of the Plaintiffs that the Act is unconstitutional under the United States Constitution and the Arkansas State Constitution, and the fact that Plaintiffs have attempted to comply with some of the provisions in order to not delay the proceedings herein are not to be construed as a waiver thereof.

39. In the event that it is alleged that Plaintiffs have not complied with any provision of

the Act, or that Plaintiffs are bound by any of its onerous and unconstitutional constraints or provisions, Plaintiffs pray for a declaratory judgment that the Act is in and of itself unconstitutional, in whole or in applicable parts.

40.     Plaintiffs hereby give notice of the challenge to the constitutionality of the Act to the Arkansas Attorney General, Honorable Dustin McDaniel.

**Demand and Prayer**

41.     Plaintiffs hereby demand a trial by jury.

42.     Plaintiffs reserve the right to amend their Complaint to Proof to add additional parties.

43.     Plaintiffs reserve the right to file amended and additional pleadings after further investigation and discovery.

**WHEREFORE**, and for the foregoing reasons, Plaintiffs demand judgment against the Defendants, jointly and severally, for a sum sufficient to fully compensate her for her injuries and losses in an amount in excess of the amount required for federal diversity jurisdiction; for punitive damages; for pre-judgment interest and post judgment interest at the maximum rate allowed by law; for reasonable expenses and costs, and for all other damages, specific and general, to which Plaintiffs are entitled under the law.

Respectfully submitted,

By: _____
   Robert Sullivan, AR#2009-266
   Jose Bautista, AR 2009-005
   Jed Chronic, MO 57623
   Sullivan, Bautista, Morgan,
   Allen & Chronic, LLC
   1600 Baltimore Ave., Suite 200
   Kansas City, Missouri 64108
   rsullivan@sbmaclaw.com
   jbautista@sbmaclaw.com
   gchronic@sbmaclaw.com