IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
HARRISION DIVISION

| | |
|---|---|
| TERI REAGAN, INDIVIDUALLY AND AS PERONAL REPRESENTATIVE OF THE ESTATE OF ROGER REAGAN, DECEASED AND MAVERICK TRANSPORTATION, LLC | PLAINTIFFS |
| VS.                                    CV-10-3016 | |
| DUNAWAY TIMBER COMPANY, HENRY CHRIST, AND MORGAN QUISENBERRY, JOHN DOE TRUCKING COMPANY, AND JOHN DOES INCORPORATED | DEFENDANTS |

## ANSWER

COMES NOW the Defendants Dunaway Timber Co., Henry Christ, and Morgan Quisinberry by and through their attorneys, Larkowski and Rogers, hereby state:

1. Defendants are without sufficient information to either admit or deny the Plaintiff Terry Reagan is, and at relevant times, was the spouse of Roger Dale Reagan, and therefore deny those allegations. Defendants admit that Roger Dale Reagan died September 3, 2008 as a result of injuries sustained in a semi-tractor trailer crash in Marion County, Arkansas, but generally and specifically deny that these Defendants caused said crash as alleged in Plaintiffs' paragraph 1. These Defendants are without sufficient information to either admit or deny the residency of the Plaintiff, and therefore deny those allegations.

2. These Defendants are without sufficient information to either admit or deny the allegations set forth in paragraph 2 of the Plaintiffs' Complaint, and therefore deny those allegations.

3. These Defendants are without sufficient information to either admit or deny the

allegations set forth in paragraphs 3, 4 and 5 of the Plaintiffs' Complaint, and therefore generally and specifically deny those allegations.

4.  These Defendants admit the allegations contained in paragraph 6 of the Plaintiffs' Complaint.

5.  These Defendants deny that Defendant Dunaway is, and at all relevant times, was an over the road trucking and shipping company, and admits the remainder of the allegations set forth in paragraph 7 of the Plaintiffs' Complaint.

6.  Defendants are without sufficient information to either admit or deny the allegations of paragraph 8 of the Plaintiffs' Complaint, and therefore deny these allegations.

7.  Defendants deny that Morgan Quisinberry is an employee of Dunaway Timber Company; Defendants admit the remainder of the allegations of paragraph 9 of the Plaintiffs' Complaint.

8.  Defendants admit the allegations in paragraph 10 of the Plaintiffs' Complaint.

9.  Defendants are without sufficient information to either admit or deny the allegations of paragraph 11 of the Plaintiffs' Complaint and therefore deny those allegations.

10. These Defendants deny that Quisinberry currently is an employee and agent of Defendant Dunaway, but admit that Quisinberry was, at all relevant times, an employee and agent of Defendant Dunaway, operating a commercial motor vehicle in the scope and course of his employment with Defendant Dunaway, and was acting in furtherance of the interests and business of Defendant Dunaway, as set for the in paragraph 12 of the Plaintiffs' Complaint.

11. These Defendants admit that Henry Christ is, and at all relevant times was, a Kentucky citizen, residing at 7935 State Route 1389, Macco, Kentucky, 42355 as set forth in paragraph 13 of the Plaintiffs' Complaint.

12. These Defendants deny the allegations set forth in paragraph 14 of the Plaintiffs' Complaint.

13. The allegations set forth in paragraphs 15 and 16 of the Plaintiffs' Complaint make no allegations to which these Defendants must respond. To the extent a response may be deemed necessary, the allegations set forth in paragraph 15 and 16 of the Plaintiffs' Complaint are denied.

. 14. These Defendants admit the allegations set forth in paragraphs 17 and 18 of the Plaintiffs' Complaint.

15. These Defendants are without sufficient information to either admit or deny the allegations contained in paragraph 19 of the Plaintiffs' Complaint stating that Roger Reagan was lawfully operating a semi tractor trailer owned by Plaintiff Maverick on September 3, 2008, and therefore deny those allegations. These Defendants admit that Roger Reagan was operating a semi tractor trailer on that date at approximately 6:50 P.M. in the east bound lane of U.S. HWY 62 outside of Yellville in Marion County, Arkansas.

16. These Defendants admit that at or about the same time and place, Defendant Quisinberry was operating a semi tractor trailer westbound in the westbound lane of U.S. HWY 62 as set forth in paragraph 20 of the Plaintiffs' Complaint. The remaining allegations set forth in paragraph 20 are hereby generally and specifically denied.

17. These Defendants generally and specifically deny the allegations set forth in paragraph 21 of the Plaintiffs' Complaint.

18. Paragraph 22 of the Plaintiffs' Complaint calls for a legal conclusion to which the Defendants are not required to respond. To the extent a response is required, Defendants deny the same.

19. These Defendants deny the allegations set forth in paragraph 23 of the Plaintiffs' Complaint, including all sub parts of paragraph 23, (a)-(q).

20. Paragraph 24 of the Plaintiffs' Complaint calls for legal conclusions to which the Defendants are not required to respond. To the extent that a response is required Defendants deny the same.

21. Paragraph 25 of the Plaintiffs' Complaint calls for legal conclusions to which the Defendants are not required to respond. To the extent that a response is required Defendants deny the same.

22. These Defendants deny the allegations set forth in paragraph 26 of the Plaintiffs' Complaint, including its subparts (a)-(i).

23. Paragraph 27 of the Plaintiffs' Complaint calls for legal conclusions to which the Defendants are not required to respond. To the extent that a response is required Defendants deny the same.

24. These Defendants generally and specifically deny the allegations set forth in paragraph 28 of the Plaintiffs' Complaint, including subparts (a)-(d).

25. These Defendants admit that Roger Reagan and Plaintiff Maverick are members of the class of persons intended to be protected by Federal and/or State laws and/or regulations regarding traffic and safety discussed in the Plaintiffs' Complaint, and generally and specifically deny the remaining allegations set forth in paragraph 29 of the Plaintiffs' Complaint.

26. These Defendants deny any conduct causily related to the death of Roger Reagan as alleged in paragraph 30 of the Plaintiffs' Complaint; these Defendants are without sufficient information to either admit or deny the remaining allegations in paragraph 30 of the Plaintiffs' Complaint, and therefore deny those allegations. These Defendants generally and specifically

deny that Plaintiffs' are entitled to recover compensatory damages from these Defendants.

27. These Defendants deny any conduct causily related to the death of Roger Reagan as alleged in paragraph 31 of the Plaintiffs' Complaint; these Defendants are without sufficient information to either admit or deny the allegations set forth in paragraph 31 of the Plaintiffs' Complaint, and therefore those allegations are denied.

28. These Defendants generally and specifically deny the allegations set forth in paragraph 32 of the Plaintiffs' Complaint, including subparts (a)-(d).

29. These Defendants deny the allegations set forth in paragraph 33 of the Plaintiffs' Complaint including subparts (a)-(f).

30. These Defendants deny that Plaintiff Maverick is entitled to the compensation set forth in paragraph 34 of the Plaintiffs' Complaint from these Defendants.

31. These Defendants generally and specifically deny the allegations set forth in paragraph 35 of the Plaintiffs' Complaint.

32. These Defendants admit that the Plaintiffs' object to Act 649 of 2003, and generally and specifically deny the remainder of the allegations set forth in paragraphs 36, 37, 38, 39 and 40.

33. These Defendants concur in Plaintiffs' request for jury trial.

34. Paragraphs 42 and 43 of the Plaintiffs' Complaint require no response. To the extent that a response is deemed necessary, the allegations set forth in paragraphs 42 and 43 of the Plaintiffs' Complaint are hereby generally and specifically denied.

35. These Defendants generally and specifically deny the claims and assertions set forth in the last unnumbered paragraph of the Plaintiffs' Complaint.

36. Any and all allegations in the Plaintiffs' Complaint not specifically admitted

herein are hereby generally and specifically denied.

37. If in truth and in fact Plaintiffs' were damaged as alleged, then such damages were a direct and proximate result of the conduct of third persons over whom these Defendants had no direction, responsibility or control, such conduct being plead in bar of and indimution of Plaintiffs' claims for damages.

38. If in truth and in fact Plaintiffs' were damaged as alleged, then such damages were a direct and proximate result of the conduct of the Plaintiffs' herein, such conduct being plead in bar of indimunition of Plaintiffs' claims for damages.

**WHEREFORE**, premises considered, the Defendants Dunaway Timber Company, Henry Christ and Morgan Quisenberry pray that the Complaint of the Plaintiffs herein be dismissed, that the allegations therein be held for naught, and for all other just and proper relief to which these Defendants may show themselves entitled.

Respectfully submitted,

Dunaway Timber Company, Henry Christ and Morgan Quisenberry

BY:__/s Gill A. Rogers_____
GILL A. ROGERS, BAR NO. 91137
LARKOWSKI AND ROGERS
P.O. BOX 7348
LITTLE ROCK, ARKANSAS 72217
(501) 663-5533

**CERTIFICATE OF SERVICE**

I hereby certify that on April 14, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

Robert Sullivan
Jose Bautista
Jed Chronic
1600 Baltimore Ave., Suite 200
Kansas City, Missouri 64108

        By: /s Gill A. Rogers_____
        Gill A. Rogers Bar No. 91137
        Attorney for Defendants
        Larkowski and Rogers
        1501 N. University, Suite 552
        Little Rock, AR 72207
        (501) 663-5533
        F(501) 663-5544
        grogers@lrarkansas.com