IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DIVISION OF ARKANSAS
HARRISION DIVISION

| | |
|---|---|
| TERI REAGAN, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF ROGER REAGAN DECEASED AND MAVERICK TRANSPORTATION, LLC | PLAINTIFFS |
| VS. | CV-10-3016 |
| DUNAWAY TIMBER COMPANY, HENRY CHRIST AND MORGAN QUISENBERRY, JOHN DOE TRUCKING COMPANY, AND JOHN DOES INCORPORATED | DEFENDANTS/ THIRD PARTY PLAINTIFFS |
| VS. | |
| BARRY MCCOY | THIRD PARTY DEFENDANT |

**ANSWER TO THIRD PARTY COMPLAINT**

COMES NOW Barry McCoy, by and through his attorney, Mitch Cash, and for his Answer to Third Party Complaint, does hereby state:

1. Defendant McCoy is without sufficient information as to the allegations contained within paragraph 1 of the third-party complaint and, therefore, denies same.

2. Defendant McCoy is without sufficient information as to the allegations contained within paragraph 2 of the third-party complaint and, therefore, denies same.

3. Defendant McCoy is without sufficient information as to the allegations contained within paragraph 3 of the third-party complaint and, therefore, denies same.

4. Defendant McCoy denies the allegations contained within paragraph 4 of the third-party complaint.

5. Defendant McCoy is without sufficient information as to the allegations contained within paragraph 5 of the third-party complaint and, therefore, denies same.

6. Defendant McCoy is without sufficient information as to the allegations contained within paragraph 6 of the third-party complaint and, therefore, denies same.

7. Defendant McCoy admits this claim arises out of a motor vehicle collision occurring September 3, 2008 at the intersection of U.S. Highway 62/412 and State Highway 202, but denies the remaining allegations in paragraph 7.

8. Defendant McCoy denies the allegations in paragraph 8.

9. Defendant McCoy denies the allegations in paragraph 9.

10. Defendant McCoy denies the allegations in paragraph 10.

11. Pleading affirmatively, Defendant McCoy asserts that the third-party complaint should be dismissed pursuant to FRCP 12(b)(2) for lack of personal jurisdiction.

12. Pleading affirmatively, Defendant McCoy asserts that the third-party complaint should be dismissed pursuant to FRCP 12(b)(4) and (5) for insufficiency of service of process and lack of service of process.

13. Pleading affirmatively, Defendant McCoy asserts that the third-party complaint should be dismissed pursuant to FRCP 12(b)(6) for failure to state facts upon which relief can be granted.

14. Defendant McCoy reserves the right to amend its answer and plead further in this cause.

WHEREFORE, Defendant McCoy prays that the third-party complaint be dismissed, for its costs expended herein, and for all other just and proper relief.

Dated:  August 12, 2010

                        Respectfully submitted:

                        /s/ Mitch Cash

                        Mitch Cash, Esq.
                        P.O. Box 247
                        Marshall, AR  72650
                        870-448-3600
                        870-448-4725 *facsimile*
                        **Attorney for Barry McCoy**

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 12th day of August, 2010, a copy of the foregoing was served via ECF/Pacer and via U.S. Mail to the following counsel of record:

Gill Rogers, Esq.
Larkowski and Rogers
1501 N. University, Suite 552
Little Rock, AR  72207
**Attorney for Defendants**

Robert Sullivan, Esq.
Jose Bautista, Esq.
Jed Chronic, Esq.
1600 Baltimore Ave., Suite 200
Kansas City, MO  64108
**Attorneys for Plaintiffs**

Phillip J. Duncan, Esq.
900 S. Shackleford, Ste 725
Little Rock, AR  72211
**Attorney for Plaintiffs**

                                             /s/Mitch Cash
                                             Mitch Cash