```
          IN THE UNITED STATES DISTRICT COURT
             WESTERN DISTRICT OF ARKANSAS
                   HARRISON DIVISION

TERI REAGAN, Individually and as
Personal Representative of the
Estate of Roger Reagan; and
MAVERICK TRANSPORTATION, LLC.                      PLAINTIFFS

v.                     Case No. 3:10-CV-03016

DUNAWAY TIMBER COMPANY; MORGAN
QUISENBERRY; JOHN DOE TRUCKING;                   DEFENDANTS/
and JOHN DOE INCORPORATED                 THIRD PARTY PLAINTIFFS

v.

BARRY MCCOY                             THIRD PARTY DEFENDANT
```

## PRETRIAL ORDER

Before the Court are the parties' thirteen various motions in limine, as well as all corresponding supporting documents, responses and replies. The Court also held a pre-trial conference on July 14, 2011 in which the parties were able to advance additional arguments concerning these motions on the record. This Order sets forth the Court's rulings on the motions discussed below. <u>To the extent that this Order conflicts with any oral pronouncement at the pre-trial conference, the findings in this Order are the final and binding findings of the Court in the current matter</u>. The Court will address each Motion in turn.

**I. Maverick Transportation LLC's ("Maverick") First Motion in Limine** (Doc. 56) - GRANTED IN PART, DENIED IN PART

Maverick's First Motion in Limine is GRANTED IN PART and DENIED IN PART. The Court finds the following to be inadmissible as irrelevant: any statement to the effect that Roger Reagan failed to

comply with Federal Motor Carrier Safety Regulations; driver employment and/or training records, etc. as to Roger Reagan; insurance as to Maverick; willingness of any of the parties to settle; the statement of any venire man after the close of voir dire. As such, the parties are prohibited from introducing evidence regarding the above. Maverick's First Motion in Limine is, therefore, GRANTED as to the above issues.

Concerning exclusion of the accident report, the Court, upon conducting further research following the pre-trial conference, finds that the accident report is admissible under Federal Rule of Evidence 803(8). While a federal court sitting in diversity must apply the substantive law of the forum state, procedure remains governed by federal rules. *Zunamon v. Brown*, 418 F.2d 883, 889 (8th Cir. 1969) (citing *Erie Railroad Co. V. Tompkins*, 304 U.S. 64 (1938)). A police officer's report is admissible into evidence in federal court if, under FRE 803(8)(B), the matters in the report were observed by the officer "pursuant to duty imposed by law as to which matters there was a duty to report," or under FRE 803(8)(C), if the officer's report is offered in a civil action as to its "factual findings resulting from an investigation made pursuant to authority granted by law." Fed. R. Evid. 803(8). Preparation of accident reports is required under Arkansas law. Ark. Code. Ann. § 27-53-202. Law enforcement officers of Arkansas are also declared, by law, "to be responsible for the investigation and reporting of all traffic accidents and the deaths, injuries, and property damage resulting therefrom." Ark. Code. Ann. § 27-53-303. FRE 803(8) does

provide that such matters, while generally excepted from the hearsay rule, may not be excepted when "the sources of information or other circumstances indicate lack of trustworthiness." Fed. R. Evid. 803(8)(C). However, "[t]he party opposing the admission of the matter reported as a public record has the burden of proving lack of trustworthiness." *Simmons v. Chicago & N.W. Transp. Co.*, 993 F.2d 1326, 1328 (8th Cir. 1993)(quoting *Faries v. Atlas Truck Body Mfg. Co.*, 797 F.2d 619, 622 (8th Cir. 1986)). Based on the information provided by Maverick in this Motion in Limine, as well as by Reagan in her Fifth Motion in Limine, the Court cannot find, at this time, that the Plaintiffs have sufficiently proven a lack of trustworthiness such that the accident report should be excluded. Maverick's First Motion in Limine is, therefore, DENIED as to this aspect. Plaintiffs may, however, renew their objection at trial.

Any remaining points raised in Maverick's First Motion in Limine are addressed through other Motions, below, or will be addressed if and when the issue arises at trial.

**II. Teri Reagan's First Motion in Limine** (Doc. 57) - GRANTED

Reagan's First Motion in Limine is GRANTED. The introduction and admission of collateral source evidence is precluded at trial.

**III. Reagan's Second Motion in Limine** (Doc. 58) - GRANTED

While the Court views Reagan's Second Motion in Limine as unnecessary, the Motion is GRANTED to the extent that any such issues arise. The parties are prohibited from making improper and inflammatory statements during opening statements and closing

arguments. Specifically, defense counsel should refrain from arguing that Defendants are "innocent until proven guilty"; mentioning contingent attorney's fees; mentioning tax consequences of a verdict for Plaintiffs; making any comparison of a personal injury/wrongful death suit to gambling; or suggesting that the case is only about money. Further, the Court presumes all of the attorneys are familiar with and will practice proper and respectful courtroom decorum, and, if not, the Court will take appropriate measures at that time.

**IV. Reagan's Third Motion in Limine** (Doc. 59) - DENIED

It appears to the Court that this Motion refers to the same accident report already discussed, *supra*, in section I. For the reasons already set forth above, Reagan's Motion to Preclude the Introduction and Admission of the Motor Vehicle Collision Report is DENIED at this time. Reagan may, however, renew her objections at trial should she find it appropriate to do so.

**V. Reagan's Fourth Motion in Limine** (Doc. 60) - GRANTED

Reagan's Fourth Motion in Limine is GRANTED. Defendants' rebuttal expert, Steve Jackson, is precluded from testifying to opinions that he did not give in his report or deposition and is also precluded from basing his current opinions on different facts, data, or testing.

**VI. Reagan's Fifth Motion in Limine** (Doc. 61) - DENIED

Reagan's Fifth Motion in Limine is DENIED at this time. Corporal Evans will be allowed to testify. Any issues concerning Evans' qualifications as an expert may be raised at trial, if

appropriate. Issues concerning Evans' methodologies or qualifications may also be dealt with on cross-examination and/or with other testimony. In the alternative, the Court may consider whether a preliminary Daubert hearing may be appropriate in order to definitively rule on these issues before trial.

**VII. Reagan's Sixth Motion in Limine** (Doc. 62) - GRANTED

Reagan's Sixth Motion in Limine is GRANTED. Defendants are precluded from raising arguments or introducing evidence regarding the conduct of or any alleged fault of Roger Reagan. As Defendants have not previously raised the issue of comparative fault of Roger Reagan, such evidence at this point is irrelevant and potentially unduly prejudicial.

**VIII. Defendants' First Motion in Limine to Permit Jury View** (Doc. 63) - DENIED

Defendants' First Motion in Limine to Permit Jury view is DENIED. Other evidence in the record, including photographs, and testimony of parties and witnesses should be sufficient to aid the jury in making their determinations.

**IX. Joint Motion in Limine by Maverick and Barry McCoy** (Doc. 65) - GRANTED IN PART, DENIED IN PART

This Motion is substantially similar to Maverick's First Motion in Limine addressed, *supra*, Section I, only adding Barry McCoy as joining in the motion, and adopting Reagan's Motion in Limine concerning the exclusion of Defendants' rebuttal expert Steve Jackson. The Court's findings regarding the issues raised in the motion have, therefore, already been addressed, and the Court's

ruling on this motion is consistent with its ruling on those parallel motions as already set forth and as set forth below.

**X. Reagan's Motion to Exclude Steven Jackson** (Doc. 66) - DENIED

Reagan's Motion to exclude Defendants' rebuttal expert Steve Jackson from offering testimony is DENIED. The Court finds Jackson's opinions to be sufficiently reliable, and Jackson will be allowed to testify. Any issues concerning Jackson's qualifications and methodologies may be dealt with on cross-examination and with other testimony. Plaintiffs and/or Mr. McCoy may renew their objections at trial if appropriate.

**XI. Defendants' Second Motion in Limine** (Doc. 67) - GRANTED IN PART, DENIED IN PART

Concerning Defendants' contention that any evidence going solely to support claims of negligent hiring, supervision, retention of training as to Dunaway should be excluded, the Court finds that Defendants' Motion should be DENIED. Plaintiffs' claims of negligent hiring, retention, etc. remain viable, there having been no dispositive motions from any party seeking their dismissal or seeking summary judgment as to those claims. The Court cannot ascertain from one paragraph in a Motion in Limine that such claims should be disregarded in the instant matter. Therefore, Defendants' Motion is likewise DENIED in that the Court will not exclude, at this time, evidence regarding Morgan Quisenberry's DUI charges; the fact that Quisenberry lied about the suspensions resulting from his DUI charges on his application for employment; or testimony from Henry Christ that Quisenberry's application would likely have been

rejected had he been truthful on his application. Such evidence remains relevant as to Plaintiffs' negligent hiring claim.

Concerning the exclusion of testimony and opinions of Larry Cole, Defendants' Motion is DENIED as moot, as Plaintiffs no longer intend to offer the testimony or opinions of Larry Cole.

Defendant's motion is GRANTED in that Plaintiffs are prohibited from offering into evidence what defense counsel may have told Morgan Quisenberry about the possible cause of his loss of control. Such evidence would be subject to attorney-client privilege and would also be irrelevant and potentially misleading to the jury. Quisenberry will be permitted to testify, however, to his own recollections and observations related to the steering of the vehicle at the time of the accident, including his own views as to the cause, if any, of any loss of control.

**XII. Reagan's Seventh Motion in Limine** (Doc. 91) - DENIED AS MOOT

Reagan's Seventh Motion in Limine is DENIED AS MOOT. Defendants have stated they have no intention of usurping Planitiffs' withdrawn expert, Larry Cole. Plaintiffs have likewise indicated that their current experts have not relied on Cole's opinions in forming their own conclusions. As such, Cole's report should not become relevant for Defendant to address in cross-examination. If the parties' positions change as to this issue, however, the issue will be revisited.

**XIII. Reagan's Eighth Motion in Limine** (Doc. 93) - DENIED

Morgan Quisenberry was recently diagnosed with cancer. Reagan moves to exclude evidence of or reference to Quisenberry's medical

condition at trial, arguing that it is irrelevant and may improperly appeal to the jury's sympathy. Quisenberry is a party to this case as well as a material witness, and Defendants are hopeful that he will be able to appear at trial. Because the Court cannot predict how or whether Quisenberry's medical condition and treatment might affect his presence and participation at trial, and thus cannot conclude with certainty that it will not become relevant, Reagan's motion to exclude that evidence is, therefore, DENIED at this time, with the understanding that Reagan may renew her objections at trial.

### XIV. Other

Any issues not addressed in this opinion will be addressed if and when they arise at trial.

If the parties believe any item excluded by the Court should be admitted or becomes relevant at trial, they are instructed to approach the bench and discuss the matter barside.

IT IS SO ORDERED this 20th day of July, 2011.

*/s/ Paul K. Holmes, III*
**PAUL K. HOLMES, III**
**UNITED STATES DISTRICT JUDGE**