## IN THE UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF ARKANSAS
### HARRISON DIVISION

**TERI REAGAN, Individually and as Personal**
**Representative of the Estate of ROGER REAGAN,**
**Deceased and MAVERICK TRANSPORTATION, L.L.C.**                    **PLAINTIFFS**

**Vs.**          **Case No. 10-3016**

**DUNAWAY TIMBER COMPANY, HENRY**                     **DEFENDANTS/**
**CHRIST, and MORGAN QUISENBERRY**          **THIRD PARTY PLAINTIFFS**

**Vs.**

**BARRY MCCOY**                          **THIRD PARTY DEFENDANT**

### DEFENDANTS' MOTION TO BIFURCATE AND INCORPORATED BRIEF

Comes now the Defendants Dunaway Timber Company and Morgan Quisenberry, and for its Motion for Bifurcation pursuant to Arkansas Code Annotated Section 16-55-211, states:

1.      Pursuant to Arkansas Code Annotated Section 16-55-211, Defendant respectfully requests that the compensatory damages portion of Plaintiffs' trial be bifurcated from the punitive damages portion of the trial, if any.

2.      Ark. Code Ann. § 16-55-211 provides as follows:

> (a)(1) In any case in which punitive damages are sought, any party may request a bifurcated proceeding at least ten (10) days prior to trial.
> (2) If a bifurcated proceeding has been requested by either party, then:
>> (A) The finder of fact first shall determine whether compensatory damages are to be awarded; and
>>
>> (B) After a compensatory damages award determination, the finder of fact then shall determine whether and in what amount punitive damages will be awarded.
>
> (b) Evidence of the financial condition of the defendant and other evidence relevant only to punitive damages is not admissible with regard to any compensatory damages determination.

1

3.      Plaintiffs are seeking an award of punitive damages in this case.  *See* Complaint ¶¶ 35.

4.      Defendant is in compliance with Ark. Code Ann. § 16-55-211(a)(1) in that this request for a bifurcated proceeding is being made more than ten days prior to the trial of this matter.  Trial is scheduled for November 2, 2011.

5.      Additionally, bifurcation is proper pursuant to Fed. R. Civ. P. 42(b).  Pursuant to this rule, the trial court, "for convenience, to avoid prejudice, or to expedite and economize, the Court may order a separate trial of one or more separate issues, claims, cross-claims, counter-claims, or third-party claims."

6.      Under Arkansas law, if a plaintiff seeks punitive damages and either party requests bifurcation, the issues of compensatory and punitive damages must be bifurcated. *Chism v. CNH Am. LLC*, 2:07CV00150 JLH, 2009 WL 890523 (E.D. Ark. Mar. 30, 2009) (citing Ark. Code Ann. § 16-55-211(a)(1)).  Likewise, under Arkansas law evidence of the financial condition of the defendant is not admissible with regard to any compensatory damages determination, although it would be relevant to punitive damages. Ark. Code Ann. § 16-55-211(b).  *Id.*

WHEREFORE, Defendant requests that this Court order that the compensatory damages portion of Plaintiffs' trial be bifurcated from the punitive damages portion of the trial, if any, and for all other relief to which he is entitled.

Respectfully submitted,

Dunaway Timber Company, Henry Christ and Morgan Quisenberry

By:     /s/ Gill A. Rogers
        Gill A. Rogers

## CERTIFICATE OF SERVICE

I, Gill A. Rogers, hereby certify that on September 6, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which shall send notifications of such filing to the following:

| | |
|---|---|
| Robert Sullivan | Kent Emison |
| rsullivan@sbmaclaw.com | kemison@langdonemison.com |
| Philip Duncan | Jed Chronic |
| phillip@duncanfirm.com | gchronic@sbmaclaw.com |
| Amy L. Tracy | Mitch Cash |
| amy.tracy@hmrmlaw.com | mcashlaw65@yahoo.com |
| Bruce Munson | David Brose |
| bruce.munson@mrmblaw.com | dbrose@langdonemison.com |

/s/ Gill A. Rogers
Gill A. Rogers
grogers@lrarkansas.com

3