IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

| | | |
|---|---|---|
| TERI REAGAN, Individually and as Personal Representative of the Estate of Roger Reagan; and MAVERICK TRANSPORTATION, LLC. | | PLAINTIFFS |
| v. | Case No. 3:10-CV-03016 | |
| DUNAWAY TIMBER COMPANY; MORGAN QUISENBERRY; JOHN DOE TRUCKING; and JOHN DOE INCORPORATED | | DEFENDANTS/ THIRD-PARTY PLAINTIFFS |
| v. | | |
| BARRY MCCOY | | THIRD-PARTY DEFENDANT |

**ORDER**

Before the Court are Plaintiff Teri Reagan's Motion to Exclude Clint Evans (Doc. 110), Third-Party Defendant Barry McCoy's Motion to Excuse his Appearance at Trial (Doc. 113), Defendants' Motion to Bifurcate (Doc. 116); McCoy's Motion to Dismiss his Cross Claims (Doc. 119), and Defendants' Motion to Continue (Doc. 122). The Court has considered these Motions as well as all corresponding supporting documents, responses, and replies and is well and sufficiently advised so as to issue its findings as reflected herein. The Court will address each Motion in turn.

**I. Reagan's Motion to Exclude Clint Evans** (Doc. 110)

Plaintiff Teri Reagan filed a *Daubert*[1] Motion to Exclude Corporal Clinton Evans from testifying at trial. Defendants filed a Response out of time, without citing any good cause for their failure to file a timely response and without seeking leave of Court to file an untimely response.

---

[1] *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993).

Reagan filed a Reply without leave of Court. Plaintiff Maverick Transportation, LLC ("Maverick") and Third-Party Defendant Barry McCoy both filed "Replies" to Reagan's Motion without leave. (Doc. 126). The Court has not considered any filings in regards to this Motion which were not appropriately filed. The Court has, however, carefully reviewed Reagan's Motion and the record as a whole. The Court finds that a *Daubert* hearing on this issue is unnecessary and instead determines the admissibility of Evans' opinions, as set forth below, based upon its review of the record.

The crux of the present matter seems to be whether or not Evans may be recognized as an expert in "accident investigation" as opposed to an expert in "accident reconstruction," or rather, whether two such different fields of expertise can be said to exist. A review of Eighth Circuit law has not provided any guidance as to this narrow issue, and district courts in other circuits have reached different conclusions in recent opinions. *Compare Graves v. Toyota Motor Corp.*, 2011 U.S. Dist. LEXIS 113841 (S.D. Miss. 2011) (finding no meaningful distinction between officers' conclusions based on accident investigation and expert conclusions based on accident reconstruction and granting a motion to exclude), *with Logan v. Cooper Tire & Rubber Co.*, 2011 U.S. Dist. LEXIS 84393 (E.D. Ky. 2011) (distinguishing accident investigation and reconstruction and denying exclusion of investigating officer's testimony). The distinction made by the officer, and adopted by the court, in *Logan* seemed to be that accident investigation involves forming conclusions based on experiential data processed from the evidence available to an investigating officer at the scene, while accident reconstruction involves forming conclusions based on a more scientific approach including collecting a broader range of data after the fact. *Logan,* 2011 U.S. Dist. LEXIS 84383 at *9-10. The Court in *Graves*, however, found that, labels aside, both accident investigation and accident reconstruction involved opinions and conclusions which necessarily emanated from technical or

specialized knowledge that the investigating officers in that case, who were not trained in accident reconstruction, did not possess. *Graves*, 2011 U.S. Dist. LEXIS 113841 at *18. The *Graves* court stated that it "cannot buy into the argument that there is an important distinction between an opinion reconstructing how the [accident] occurred and a 'conclusion' as to how the [accident] occurred." *Id.* The Court acknowledges, as well, that there are numerous opinions generally regarding admissibility of the testimony of investigating officers that differ in their conclusions, most of which do not analyze whether accident investigation may be considered a separate field of expertise. The Court has read and considered many of these opinions, but in the interests of time and efficiency will not go into a detailed analysis or compilation of those opinions herein.

While both of the above-cited district court opinions are well-reasoned and contain compelling arguments as to their respective positions, this Court sides with the position taken by the *Logan* court. While the distinction may be small, the Court believes that an investigating officer may have expertise in the field of "accident investigation" without being qualified as an expert in "accident reconstruction." Moreover, a reasonable jury should be able to distinguish between such fields of expertise. An expert in accident investigation would base his conclusions on his observations of the physical evidence at the scene of an accident. His conclusions would be based on his experience investigating accidents as well as any training in the field of accident investigation. In contrast, experts in the field of accident reconstruction will presumably present evidence based on a scientific analysis of a broad range of data collected after an accident. In fact, the type of distinction between these two fields of expertise is one explicitly recognized by the Supreme Court in *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 150 (1999), in which the Court found that certain expert testimony "rests upon scientific foundations . . . In other cases, the relevant reliability

concerns may focus upon personal knowledge or experience." In the case at hand, the jury may be presented with both types of expert testimony, as recognized by the Supreme Court in *Kumho*, regarding the same issue. If Evans' testimony is otherwise admissible, it should be left to the jury to determine which expert testimony they find more credible and reliable. The Court now has to analyze whether Evans' testimony, as a potential expert in accident investigation, is admissible.

Federal Rule of Evidence 702 governs the admissibility of expert testimony. "Rule 702 was amended in 2000 in response to *Daubert* . . . and its progeny." *Robinson v. GEICO Gen. Ins. Co.*, 447 F.3d 1096, 1100 (8th Cir. 2006). "District courts must ensure that all scientific testimony is both reliable and relevant." *Marmo v. Tyson Fresh Meats*, 457 F.3d 748, 757 (8th Cir. 2006) (citing *Daubert*, 509 U.S. at 580; Fed. R. Evid. 702). While *Daubert* and *Kumho* set forth some factors that a court may consider when determining admissibility, "[t]he inquiry as to the reliability and relevance of the testimony is a flexible one designed to 'make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field.'" *Id*. (quoting *Kumho*, 526 U.S. at 152). "'A review of the caselaw after *Daubert* shows that the rejection of expert testimony is the exception rather than the rule.'" *Robinson*, 447 F.3d at 1100 (quoting Fed. R. Evid. 702 advisory committee's note). Rule 702, the Eighth Circuit has found, "clearly is one of admissibility rather than exclusion." *Polski v. Quigley Corp*., 538 F.3d 836, 839 (8th Cir. 2008) (internal quotation omitted). "Courts should resolve doubts regarding the usefulness of an expert's testimony in favor of admissibility." *Marmo*, 457 F.3d at 758. However, "[w]hen the analytical gap between the data and the proffered opinion is too great, the opinion must be excluded." *Id.* The standard set forth by the Eighth Circuit is that "[t]he exclusion of an expert's opinion is proper only

if it is so fundamentally unsupported that it can offer no assistance to the jury." *Polski*, 538 F.3d at 839 (internal quotation omitted).

In her *Daubert* motion, Reagan relies, in large part on the Eighth Circuit case of *Faries v. Atlas Truck Body Mfg., Co.*, 1986 U.S. App. LEXIS 30713 (8th Cir. 1986). While both *Faries* and the instant case involve consideration of the admissibility of testimony of investigating officers regarding a motor vehicle accident, the Court finds that the facts of this case differ in a few important regards from the facts at issue in *Faries*. Consideration of admissibility of expert testimony is inherently fact-specific, and a "district court must customize its inquiry to fit the facts of each particular case." *Shuck v. CNH Am., LLC*, 498 F.3d 868, 874 (8th Cir. 2007). In *Faries*, the investigating officer did not measure the relative positions of the vehicles involved in the accident and did not conduct an interview of both drivers involved, instead relying only on statements taken from the driver of one of the two vehicles involved. *Id*. at *10. As to the accident at issue in this case, Evans arrived at the scene approximately 40-45 minutes after the accident and conducted an investigation. (Doc. 111-1, pp. 12-13). Evans testified in his deposition that he based his opinions on the physical evidence at the scene, including measurements taken of the vehicles and inspection of their final resting positions. *Id.* at 13-14, 40-41, 56. Evans further testified that he took into consideration the statements of various witnesses at the scene, taken by his fellow officers, and that his conclusions remained the same regardless of those statements. *Id*. at pp. 44-45, 47. Evans noted that gouge marks were present at the scene but that he did not consider them reliable in reaching a conclusion, since he testified that he did not know whether they had been made as a result of the accident. *Id*. at pp. 45-46. The Court notes, as well, that Evans has over 20 years of experience as a police officer, including 14 years of experience with the Arkansas State Police. *Id*. at 51-52. He

has completed officer training in accident investigation and has experience investigating motor vehicle accidents, including multi-vehicular accidents and accidents involving tractor trailers. *Id*. at 52-53. Because of these factual differences, and in viewing this case in light of *Daubert* and its progeny (decided subsequent to *Faries*), this case presents a closer call as to admissibility than the facts presented in *Faries*.

While the Court does believe that the facts of this case present a close call as to admissibility, the Court has carefully considered the appropriate factors under *Daubert* and Fed. Rule Evid. 702 and is satisfied with Evans' knowledge, experience, and training and finds that Evans' testimony is reasonably based on that expertise. The Court ultimately concludes that Evans' testimony is not so fundamentally unsupported that it can offer no assistance to the jury. Evans, as evidenced by his deposition testimony, has experience investigating motor vehicle accidents; he conducted an investigation of the accident at issue in this case shortly after the accident occurred; and he took into account his examination of the physical evidence at the scene in reaching his conclusions. The Court finds that Evans is generally qualified to offer expert testimony as to accident investigation under Rule 702. Therefore, Reagan's Motion to Exclude Evans' testimony is DENIED. Any deficiency in Evans' methodology and/or the extent of his knowledge as to accident investigation bears more on the weight of Evans' testimony rather than the fundamental reliability of his analysis. "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert*, 509 U.S. at 596.

The Court must use a different standard when ruling on the admissibility of the accident report prepared by Corporal Evans. Reagan argues that the inadequacy of Evans' investigation and

Evans' reliance on Separate Defendant Quisenberry's statements demonstrate a lack of trustworthiness sufficient to exclude admission of the accident report under Federal Rule of Evidence 803(8)(c). In this case, Corporal Evans' investigation was timely; Evans is an experienced officer who has previously investigated motor vehicle accidents; and there is no indication in the record that Evans was motivated by anything other than objectivity. *See Simmons v. Chicago and Northwestern Transp. Co.*, 993 F.2d 1326, 1328 (8th Cir. 1993) (admitting an accident report as a public record after finding that the elements to be considered in determining the trustworthiness of a public record had been satisfied). "The party opposing the admission of the matter reported as a public record has the burden of proving lack of trustworthiness." *Faries*, 1986 U.S. App. LEXIS 30713 at *9. Reagan has not met that burden at this juncture.

For all of the above reasons, the Court finds Reagan's Motion to Exclude should be DENIED and that Evans should be allowed to testify as to his investigation of the accident, including any observations he made at the scene, as well as to any conclusions based on his investigation. This finding does not preclude Reagan from renewing her objections at trial to the extent appropriate. Nor does this finding relieve Defendants of any obligation to lay the necessary factual foundation for the admissibility of Evans' testimony at trial or for the admissibility of the accident report or of establishing the necessary predicates for the admission of the report under Fed. R. Evid. 803(5) at trial. In addition, Evans will be strictly limited to testifying as to conclusions based solely on his investigation of the accident based on his experience and knowledge as an accident investigator. The Court will rule on appropriate objections at trial if Evans strays outside his area of expertise. Any attempt at further "reconstruction" of the accident not included in his accident report or attempt to testify as to conclusions not based on his investigation at the scene will be prohibited.

**II. McCoy's Motion to Excuse Appearance** (Doc. 113)

On September 29, 2011 Third-Party Defendant Barry McCoy was involved in a motor vehicle accident and suffered serious injuries as a result. A letter from his physician indicates that McCoy "is unable to sit for any period of time and relies on [an] external orthotic device" due to fractures in his back. (Doc. 121-2). McCoy has indicated that, while he would not be able to sit through a five-day trial for eight hours each day, he could likely be made available for testimony with certain accommodations being made. Furthermore, McCoy has already given sworn testimony during a videotaped trial deposition. McCoy has moved for dismissal of his injury cross claims in this case, and Defendants will not, therefore, suffer any prejudice from allowing either live testimony from McCoy in his present condition or from allowing for presentation of McCoy's video deposition in his absence. While Defendants have filed a Motion to Continue, they have not filed any objections to McCoy's request to excuse his appearance at trial. Defendants' main contention, contained within their Motion to Continue, seems to be that they would like an opportunity to cross-examine McCoy at trial. McCoy need not be present during the full five-day trial in order to be subject to cross-examination as desired by Defendants. Even if he is unable to attend as a live witness, McCoy's testimony has already been preserved in this case, and Defendants have had the opportunity to cross-examine him. Barry McCoy, as Third-Party Defendant, could make a more plausible claim regarding prejudice due to his inability to appear and defend against Defendants' third-party claims. McCoy, however, expresses his desire that this trial move forward as currently scheduled. Requiring his presence is unnecessary and would be medically inadvisable. As such, the Court finds that McCoy's Motion to Excuse Appearance should be GRANTED.

**III. Defendants' Motion to Bifurcate** (Doc. 116)

Defendants request that the compensatory damages portion of this trial be bifurcated from any portion of the trial related to punitive damages. "The decision of whether to isolate the punitive damages phase of the trial is within the sound discretion of the trial court." *Thorne v. Welk Inv., Inc.*, 197 F.3d 1205, 1213-14 (8th Cir. 1999). Under Arkansas law, if a plaintiff seeks punitive damages and either party requests bifurcation, the issues of compensatory and punitive damages must be bifurcated. Ark. Code Ann. § 16-55-211(a)(1)-(2). Likewise, under Arkansas law, "[e]vidence of the financial condition of the defendant and other evidence relevant only to punitive damages is not admissible with regard to any compensatory damages determination." Ark. Code. Ann. § 16-55-211(b). Although Arkansas procedural law is not binding on this Court, a bifurcation of the issues in the instant matter would nonetheless prevent prejudice and comport with Arkansas law. Therefore, the Court finds that Defendants' Motion to Bifurcate should be GRANTED.

**IV. McCoy's Motion to Dismiss Cross Claims** (Doc. 119)

Barry McCoy moves to dismiss his cross claims against Defendants, stating that he believes such dismissal to be in his best interests. The Court finds that McCoy's Motion should be GRANTED under Federal Rules of Civil Procedure 41(a)(2) and 41(c).

**V. Defendants' Motion to Continue** (Doc. 122)

Defendants move to continue this trial based on Barry McCoy's inability to be present at trial due to his medical condition. This case has already been continued on two prior occasions. The case was originally set for trial on April 11, 2011. The matter was continued, upon the Court's granting of a Joint Motion filed by all parties, to July 25, 2011. Shortly before trial was set to start in July, Defendants filed a Motion for Continuance due to the potential unavailability of Defendant Morgan Quisenberry at trial. The Court granted Defendants' Motion, over the objections of the other parties,

and continued the trial to October 24, 2011 to allow the parties to take a supplementary video deposition of Mr. Quisenberry for trial. The Court, due to scheduling conflicts, then had to briefly continue the trial to its current setting of November 2, 2011. The trial is scheduled to be split across two weeks, as this was the only time period in the near future which the Court had open to hold a five-day trial in Harrison. Because of the number of lawyers and parties involved in this matter, as well as the fact that the Court has a full docket well into next year, granting a continuance would necessarily involve delaying this trial for an extended period of time. The Court also notes that the Harrison courtroom is shared space such that scheduling of various judges must be accommodated when trying to set this matter for trial. The Court further notes that previous attempts at finding ANY mutually agreeable times for trial among the lawyers and parties have been problematic to say the least.

    As discussed above, Defendants' main contention in requesting this continuance seems to be that they would like an opportunity to cross-examine McCoy at trial. Mr. McCoy has now indicated that he could likely be made available for testimony at trial with certain accommodations being made. However, even if he is unable to attend as a live witness, McCoy's testimony has already been preserved in this case through a video deposition during which Defendants had the opportunity to cross-examine him. While this may not be an ideal situation for any party involved in this case, allowing the case to go forward as scheduled will not be unduly prejudicial to Defendants, especially considering that McCoy's cross claims against Defendants will be dismissed as a result of this Order. All remaining parties, including Barry McCoy, object to the granting of any continuance. The Court finds that the interests of justice and judicial efficiency would best be served by moving forward with the trial as scheduled. As such, Defendants' Motion to Continue is

DENIED.

## VI. Conclusion

For the reasons stated above, IT IS HEREBY ORDERED that Plaintiff Teri Reagan's Motion to Exclude Clint Evans (Doc. 110) is DENIED.

IT IS FURTHER ORDERED that Third-Party Defendant Barry McCoy's Motion to Excuse Appearance (Doc. 113) is GRANTED. McCoy is excused from appearing at trial.

IT IS FURTHER ORDERED that Defendants' Motion to Bifurcate (Doc. 116) is GRANTED. Any portion of the trial concerning punitive damages will be bifurcated from proceedings concerning compensatory damages.

IT IS FURTHER ORDERED that McCoy's Motion to Dismiss Cross Claims (Doc. 119) is GRANTED. McCoy's cross claims are DISMISSED under Federal Rules of Civil Procedure 41(a)(2) and 41(c)**.**

IT IS FURTHER ORDERED that Defendants' Motion to Continue (Doc. 122) is DENIED. This matter remains set for trial to begin at 9:00 AM in Harrison on November 2, 2011.

IT IS SO ORDERED this 31st day of October, 2011.

/s/ P. K. Holmes, III
P.K. HOLMES, III
UNITED STATES DISTRICT JUDGE