IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

TERI REAGAN, Individually and as Personal
Representative of the Estate of Roger Reagan;
and MAVERICK TRANSPORTATION, LLC.                                    PLAINTIFFS

v.                                    Case No. 3:10-CV-03016

DUNAWAY TIMBER COMPANY; MORGAN
QUISENBERRY; JOHN DOE TRUCKING;                                      DEFENDANTS/
and JOHN DOE INCORPORATED                                  THIRD-PARTY PLAINTIFFS

v.

BARRY MCCOY                                              THIRD-PARTY DEFENDANT

#### ORDER

Before the Court is Defendants' Motion to Dismiss for Failure to State a Claim. (Doc. 130).

Defendants argue that, because Defendant Dunaway Timber Company ("Dunaway") has admitted

responsibility for Defendant Morgan Quisenberry's conduct, Plaintiffs should not be permitted to

proceed on alternate theories of liability arising out of Quisenberry's conduct in regards to the

accident at issue in this case.

The rule in Arkansas, as set forth in *Elrod v. G & R Const. Co.*, 275 Ark. 151, 154 (1982),

is as follows:

> When a defendant denies liability, no problem is encountered by
> allowing a plaintiff to proceed under two consistent theories of
> recovery such as respondeat superior and negligent entrustment.
> However, when defendant admits liability under one of plaintiff's
> theories of recovery such as respondeat superior, difficulties do arise
> and the authorities are divided on the issue whetehr plaintiff should
> be allowed to proceed on one or both theories. In view of this Court's
> holding in *Kyser v. Porter*, 261 Ark. 351 (1977), we are inclined to

-1-

> follow the majority view which allows plaintiff to proceed on only
> one theory of recovery in cases where liability has been admitted as
> to one theory of recovery.

(internal citations omitted). The *Elrod* court, however, left open the possibility of an exception in cases where a claim for punitive damages is made in connection with negligent hiring or entrustment claims. *Id*. at 155. Also, the rule has no bearing on independent claims against an employer regarding negligence in failing to have adequate policies, practices, or procedures in place. *See Bank v. White*, 2009 U.S. Dist. LEXIS 94584 at *12 (E.D. Ark. 2009).

The Court notes preliminarily that Defendants have at least been aware of this issue since March, as they raised it briefly in a motion in limine. (Doc. 67 p. 4).  The Court held, in its Pretrial Order dated July 20, 2011, that "Plaintiffs' claims of negligent hiring, retention, etc. remain viable, there having been no dispositive motions from any party seeking their dismissal or seeking summary judgment as to those claims. The Court cannot ascertain from one paragraph in a Motion in Limine that such claims should be disregarded in the instant matter." (Doc. 108 p. 6). Therefore, although Defendants were aware that they should file a motion in regards to the issue of dismissal of Plaintiffs' negligent hiring, retention, and entrustment claims, they nonetheless waited over three months after the Court entered its pre-trial order, with only two days left before trial was scheduled to start to file such a  motion. While the Court is compelled by the law to rule as set forth below, the Court nonetheless expresses its strong disapproval of the manner in which Defendants have handled this issue. Defendants' counsel has been dilatory in filing the instant motion for no good reason discernible to the Court. Not only is such behavior disruptive for the other parties involved in the case, but it also puts undue pressure on the Court to direct its resources and attention to an issue, which should have been resolved long ago if responsibly and diligently pursued, on an expedited

basis. The Court expects a higher standard of decorum and diligence from the attorneys admitted to practice before it, and will expect all counsel involved in this case to adhere to that high standard going forward as this case goes to trial.

In regards to Defendants' Motion, and based on the Court's review of Arkansas substantive law which is to be applied in this diversity case, the Court finds as follows:

Insofar as Defendants' Motion seeks to dismiss certain of Plaintiffs' claims in their entirety, Defendants' Motion to Dismiss (Doc. 130) is DENIED at this time. Notwithstanding the Court's denial of Defendants' Motion, the Court finds that it would be inappropriate, under Arkansas law, to allow Plaintiffs to proceed under alternative theories of liability as to Defendant Dunaway regarding compensatory damages in this case. The Court further finds that Defendant Dunaway has admitted responsibility for Defendant Quisenberry's conduct under the doctrine of *respondeat superior*. Therefore, IT IS HEREBY ORDERED that Plaintiffs are prohibited from presenting evidence going solely to support their negligent hiring, retention, or entrustment claims during the main trial proceedings. The Court makes no ruling, by this Order, as to any specific items of evidence. Objections may be made to specific evidence, in accordance with this Order, at trial.

However, since this case is to be bifurcated, with any proceedings concerning punitive damages to be heard separately, the Court DEFERS any ruling as to whether Plaintiffs may present evidence regarding negligent hiring, retention, or entrustment during any proceedings concerning punitive damages. The Court will allow Plaintiffs to make an offer of proof of its entitlement to punitive damages on those claims. The Court will then decide whether to allow Plaintiffs to present evidence regarding negligent hiring, retention, or entrustment during the bifurcated proceedings.

The Court, by this Order, makes no ruling as to what evidence Plaintiffs may present

concerning any independent negligence claims they assert against Defendants regarding negligence

in failing to have adequate policies, practices, or procedures in place - to the extent they assert such

claims. The relevance of any evidence in regards to these claims will be addressed if and when any

issues arise at trial.


IT IS SO ORDERED this 3rd day of November, 2011.


/s/ P. K. Holmes, III
P.K. HOLMES, III
UNITED STATES DISTRICT JUDGE