IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

TERI REAGAN, Individually and as Personal
Representative of the Estate of Roger Reagan;
and MAVERICK TRANSPORTATION, LLC.                                    PLAINTIFFS

v.                              Case No. 3:10-CV-03016

DUNAWAY TIMBER COMPANY; MORGAN
QUISENBERRY; JOHN DOE TRUCKING;                                      DEFENDANTS/
and JOHN DOE INCORPORATED                                            THIRD-PARTY PLAINTIFFS

v.

BARRY MCCOY                                                          THIRD-PARTY DEFENDANT

## JUDGMENT

On the 4th day of November, 2011, this matter came on for trial to a duly selected jury consisting of eight members, the undersigned presiding. At the completion of the five-day trial, the case was submitted to the jury on interrogatories and a unanimous verdict was reached on November 10, 2011 as to each interrogatory as follows:

**Interrogatory 1**:  Do you find from a preponderance of the evidence that there was negligence upon the part of Dunaway Timber Company which was a proximate cause of any damages resulting from this accident?

          ___Yes___
          Yes or No

**Interrogatory 2**:  Do you find from a preponderance of the evidence that there was

negligence upon the part of Morgan Quisenberry which was a proximate cause of any damages resulting from this accident?

        <u>       Yes       </u>
              Yes or No

**Interrogatory 3**:  Do you find from a preponderance of the evidence that there was negligence upon the part of Barry McCoy which was a proximate cause of any damages resulting from this accident?

        <u>       No       </u>
              Yes or No

Based on their answers to the above-three interrogatories, the verdict form directed the jury to answer Interrogratory 4. As to Interrogatory 4, the jury reached a unanimous verdict as follows:

**Interrogatory 4**:  Using 100% to represent the total responsibility for the occurrence and any injuries or damages resulting from it, apportion the responsibility between the parties whom you have found to be responsible.

| | |
|---|---|
| Dunaway Timber Company | <u>  75  </u> % |
| Morgan Quisenberry | <u>  25  </u> % |
| Barry McCoy | <u>  0  </u> % |
| **TOTAL** | **100%** |

Concerning the amount of damages to be awarded, the jury assessed damages by answering Interrogatory 5 as follows:

**Interrogatory 5**:  State the amount of any damages which you find from a preponderance of the evidence were sustained by Teri Reagan, Brandie Reagan, Corey Boothby, and the Estate of Roger Reagan, Deceased, as a result of the occurrence.

| | |
|---|---|
| Teri Reagan | $  2 mil |
| Brandie Reagan | $  1 mil |
| Corey Boothby | $  1 mil |
| Estate of Roger Reagan, Deceased | $  3 mil |

Each of the above interrogatories was duly signed and dated by the jury foreperson. In accordance with the jury's verdict in this matter, IT IS HEREBY ORDERED AND ADJUDGED that Plaintiff Teri Reagan shall have and recover from Defendants total compensatory damages in the amount of $2,000,000.00 (two million dollars).

IT IS FURTHER ORDERED AND ADJUDGED that Brandie Reagan shall have and recover from Defendants total compensatory damages in the amount of $1,000,000.00 (one million dollars).

IT IS FURTHER ORDERED AND ADJUDGED that Corey Boothby shall have and recover from Defendants total compensatory damages in the amount of $1,000,000.00 (one million dollars).

IT IS FURTHER ORDERED AND ADJUDGED that the Estate of Roger Reagan, Deceased, shall have and recover from Defendants total compensatory damages in the amount of $3,000,000.00 (three million dollars).

Plaintiff Maverick Transportation, LLC ("Maverick") and Defendants stipulated at trial as to the amount of damages to be recovered by Maverick in the event that the jury found Defendants to be negligent. In accordance with this stipulation, IT IS FURTHER ORDERED AND ADJUDGED that Plaintiff Maverick shall have and recover from Defendants total compensatory damages in the stipulated amount of $93,301.82.

According to the jury's verdict, Separate Defendant Morgan Quisenberry is to be held liable for 25% of the assessed damages. Separate Defendant Dunaway Timber Company ("Dunaway") is to be held liable for 75% of the assessed damages. However, because Defendant Dunaway admitted vicarious liability, any liability assessed to Defendant Quisenberry, an employee of Dunaway who was acting within the scope of his employment at the time of the accident at issue in this case, may be imputed to Defendant Dunaway. Defendant Dunaway is, therefore, liable for the total amount of damages of $7,093,301.82 assessed by the jury in favor of the Plaintiffs in this case. The judgment amounts shall bear interest at the prevailing legal rate of 0.12% per annum from the date of entry of this Order until paid. *See* 28 U.S.C. § 1961.

Finally, IT IS FURTHER ORDERED AND ADJUDGED that, in accordance with the jury's verdict, the third-party claims of Defendants against Third-Party Defendant Barry McCoy are hereby DISMISSED WITH PREJUDICE.

All parties in this case are to bear their own costs and attorneys' fees.

IT IS SO ORDERED this 16th day of November, 2011.

/s/ P. K. Holmes, III
P.K. HOLMES, III
UNITED STATES DISTRICT JUDGE